IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY G. THETFORD, ET AL. | § | |
| | § | |
| v. | § | C.A. NO. C-11-269 |
| | § | |
| SECRETARY OF VETERANS AFFAIRS | § | |

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiffs Larry and Sheena Thetford seek to prevent Defendant, designated as the Secretary of Veterans Affairs ("the Secretary"), from instituting proceedings to evict them from their residence in Sinton, Texas. Specifically, they contend that the Secretary can assert no right to their property due to his inability to establish a valid chain of title. (D.E. 1-3, at 6). Pending is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 15). For the reasons stated herein, Defendant's motion is granted, and this action is dismissed without prejudice.

### I.  PLAINTIFFS' ALLEGATIONS

Plaintiffs purchased their residence on August 28, 1997. (D.E. 1-3, at 5; D.E. 17, at 1). This transaction was financed by South Texas Bank, which obtained a deed of trust on the property in order to secure the payment of the purchase price. (D.E. 1-3, at 6). The Department of Veterans Affairs guaranteed a portion of Plaintiffs' home loan. (D.E. 17-17). As of January 2010, the county tax authority valued the entire property at $82,955. (D.E. 17, at 1; D.E. 17-3; D.E. 17-4).

On July 6, 2010, a Substitute Trustee's Deed was executed for the purpose of conveying the property to Wells Fargo Bank, N.A. ("Wells Fargo") at a foreclosure sale for $52,878. Id. at 6-7; (D.E. 17, at 3-4). Plaintiffs assert that at no time prior to this sale were they provided with

any notice that their mortgage note was being accelerated and had matured.  (D.E. 1-3, at 6-7).  They also allege that they were never provided notice that their residence had been conveyed to Wells Fargo.  Id. at 6.

After this purchase, Wells Fargo conveyed the property to Defendant Secretary of Veterans Affairs on July 13, 2010.  Id.  Defendant then filed a "Forcible Entry and Detainer" in the Justice of the Peace Court in order to evict Plaintiffs from the property.  (D.E. 17, at 2).  In response, Plaintiffs challenged the Forcible Entry and Detainer in the San Patricio County Court.  Id.  Defendant filed a motion for summary judgment, which was subsequently denied by the County Court.  Id.

## II.  PROCEDURAL BACKGROUND

On August 11, 2011, Plaintiffs filed a "Petition To Set Aside Deeds And For Temporary And Permanent Injunction" to the 343rd Judicial District Court in San Patricio County, Texas.  (D.E. 1-3, at 5-9).  Later that day, the county court issued an "Order To Show Cause Why Temporary Injunction Should Not Issue."  Id. at 17.  Defendant responded with an answer on August 17, 2011.  Id. at 10-15.  At the same time, Defendant removed the action to federal court.  (D.E. 1).[1]

Defendant filed this motion to dismiss on April 3, 2012, arguing that this Court lacks subject matter jurisdiction over this action and that Plaintiffs fail to state a claim on which relief can be granted.  (D.E. 14).  On May 1, 2012, Plaintiffs filed a response opposing dismissal and alternatively requesting transfer to the Court of Federal Claims.  (D.E. 17).

---

[1] Upon consent of the parties, (D.E. 9, 10), the case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  (D.E. 11); see also 28 U.S.C. § 636(c).

## III.  DISCUSSION

Defendant argues that dismissal is warranted because this Court lacks the authority to adjudicate this dispute because Plaintiff's claims are barred by the doctrine of sovereign immunity.  (D.E. 15, at 4).  The Secretary specifically contends that, to the extent Plaintiffs are advancing contract claims, the Court of Federal Claims exercises exclusive jurisdiction over these matters.  In addition, he contends that to the extent Plaintiffs are asserting tort claims, those claims are barred by the Federal Tort Claims Act ("FTCA").

**A.      Standard Of Review For Rule 12(b)(1) Motions Based On Sovereign Immunity.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of an action where there is no case or controversy presented such that the court lacks subject matter jurisdiction.  Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 350-51 (5th Cir. 1989).  A Rule 12(b)(1) motion may be decided on "the complaint alone," "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted).

Dismissal pursuant to Rule 12(b)(1) is warranted when application of sovereign immunity deprives the Court of subject matter jurisdiction.  See Bodin v. Vagshenian, 462 F.3d 481, 484 (5th Cir. 2006) (citation omitted); FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted) ("Sovereign immunity is jurisdictional in nature.").  The doctrine of sovereign immunity broadly shields the United States, its agencies, and its employees acting in their official capacities from suit without its consent.  Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 373 (5th Cir. 1987).  No suit may be brought without specific statutory authorization, and

3

all ambiguities in a purported waiver are strictly construed in favor of the sovereign. Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). Nothing less–not even the actions of a federal officer–can be deemed sufficient to constitute a waiver of sovereign immunity. See United States v. Shaw, 309 U.S. 495, 501 (1940). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). Consequently, the claimant bears the burden of establishing the existence and applicability of a waiver prior to proceeding in a lawsuit against federal governmental entities. St. Tammany Parish v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 (5th Cir. 2009) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

**B.     Plaintiffs' Claims Do Not Sound In Contract.**

As described in Plaintiffs' original state court filings, Defendant failed to comply with Texas statutory law by neglecting to provide "any Notice of Intent to Accelerate nor any notice that their note had been accelerated and matured" prior to the sale of their property. (D.E. 1-3, at 6). In addition, they also complained that the sale price of $52,878 constituted "a grossly inadequate price for the property." Id. at 6. Plaintiffs neither refer to the violation of any particular contractual provision in any of their pleadings in either state or federal court, nor do they explicitly mention the term "contract" at all. Moreover, a copy of the mortgage contract was not attached to any pleadings and remains absent from the record.

Even given a liberal construction of the pleadings, it cannot be fairly said that Plaintiffs are bringing contract claims against the Secretary. The gravamen of their legal argument is that the foreclosure proceeding was invalidated by the failure of certain third parties to observe an

unspecified provision of the Texas property code.  (D.E. 1-3, at 6).  They have not identified which particular state statute entitles them to the relief they seek, and they give no argument for why their claim should be characterized as a contractual dispute.

In their brief opposing dismissal, Plaintiffs claim that the Department of Veterans Affairs caused them to fall behind in their loan payments by delaying their disability pay.  (D.E. 17, at 3).  They also allege that Wells Fargo and the Department failed to provide them with a single point of contact so that they could resolve this issue.  Id.  In support of this proposition, Plaintiffs attached an exhibit reporting that Wells Fargo had agreed to give "distressed homeowners a single point of contact when dealing with their mortgage servicer."  (D.E. 17-20).  Notwithstanding, it is not clear how these conclusory assertions against non-parties can be understood to support any contract claim they may have against the Secretary.

Finally, the actual sale price of the property at foreclosure has not been shown to be relevant to any contractual claim against Defendant.  However, a low sale price could be relevant to a wrongful foreclosure cause of action.  See Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App. 2008) ("The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.") (citation omitted).  Texas state courts have determined that a wrongful foreclosure claim lies in tort rather than in contract.  Lighthouse Church of Cloverleaf v. Texas Bank, 889 S.W.2d 595, 600 (Tex. App. 1994).  Consequently, a claim that utilizes information concerning the low sale price of foreclosed property is not by itself sufficient to implicate a contractual dispute between the parties.

Based on the pleadings, Plaintiffs have simply not articulated any intention to sue in contract.

## C.     This Court Lacks Jurisdiction Over Plaintiffs' Tort Claims.

Defendant concedes the possibility that Plaintiffs may have raised one or more tort claims, such as wrongful foreclosure. (D.E. 15, at 5). Nevertheless, he argues that the Court lacks jurisdiction to adjudicate these claims because they failed to exhaust all administrative remedies with the Department of Veterans Affairs. Id. at 6.

Pursuant to the FTCA, the United States waives its sovereign immunity "for certain torts committed by federal employees." Meyer, 510 U.S. at 475 (citing 28 U.S.C. § 346(b)); see also 28 U.S.C. § 2674. It permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b)(1); 2674)).

Litigants seeking to recover through the FTCA must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citation omitted). No FTCA claim may proceed against the responsible agency or federal employee. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (citation omitted). Because Plaintiffs have sued the Secretary rather than the United States, all potential FTCA claims must be dismissed without prejudice for want of jurisdiction.[2] Id. (citations omitted); see also Duncan

---

[2] The fact that Plaintiffs' FTCA claims are dismissed without prejudice does not excuse them from fulfilling their obligation to exhaust their claims before the Department of Veterans Affairs. In order to invoke the FTCA's waiver of sovereign immunity, claimants must exhaust their administrative remedies prior to litigation:

6

v. Peters, 190 F.3d 538, 1999 WL 642878, at *2 (5th Cir. July 27, 1999) (unpublished) (collecting cases in which FTCA claims were dismissed for failure to name the United States as a party).

**D.      This Court Lacks Removal Jurisdiction Over Plaintiffs' Quiet Title Act Claims.**

Plaintiffs have indicated in the pleadings that Defendant sought to take control of their residence under a claim of right as titleholder to the property. It is the validity of the Secretary's claim to title that they attempted to attack when they first filed their "Petition To Set Aside Deeds And For Temporary And Permanent Injunction" in state court. (D.E. 1-3, at 5). To the extent that they are invoking the Quiet Title Act, 28 U.S.C. § 2409a, see Delta Sav. & Loan Ass'n, Inc. v. IRS, 847 F.2d 248, 249 n.1 (5th Cir. 1988) (action not formally denominated as a quiet title action was construed as a § 2409a claim over which the federal court could exercise jurisdiction), such an attempt again would be unavailing because this Court cannot exercise

---

> An action shall not be instituted upon a claim against the United States ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The obligation to exhaust is a jurisdictional prerequisite and cannot be waived. Bryan v. Stevens, 169 F. Supp. 2d 676, 684 (S.D. Tex. 2001) (collecting cases).
     The Fifth Circuit has explained that "[a] claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990). In this action, Plaintiffs have not indicated that they ever attempted to seek an informal resolution of this dispute with the Department of Veterans Affairs before litigation. While it appears that they filed this action in response to a "Forcible Entry and Detainer" action initially brought by the Secretary in the Justice of the Peace Court, this independent lawsuit cannot be characterized as a "third party complaint, cross-claim, or counterclaim" within the meaning of the § 2475(a) and the Federal Rules of Civil Procedure. Moreover, given the strict construction accorded to all waivers of sovereign immunity, no futility exception to the FTCA's exhaustion requirement can be implied. In re Complaint of Ingram Barge Co., 351 F. App'x 842, 843 (5th Cir. 2009) (per curiam) (unpublished). Thus, even though the Department of Veterans Affairs can be said to have "fired the first shot" by instituting foreclosure proceedings, Plaintiffs must nevertheless show that they exhausted their administrative remedies in accordance with § 2401(b) and § 2675(a) of the FTCA before filing a new action.

7

jurisdiction over a § 2409a action that was first instituted in, but subsequently removed from, a state court. See, e.g., Cummings v. United States, 648 F.2d 289, 291-92 (5th Cir. 1981) (citations omitted); Brown v. Johnson, 373 F. Supp. 973, 974-75 (S.D. Tex. 1974). Accordingly, any potential Quiet Title Act claim is dismissed without prejudice to Plaintiffs' ability to re-file a complaint in compliance with the relevant federal statutes.[3]

## IV.  CONCLUSION

The Court is not unsympathetic to Plaintiffs' efforts to remain in possession of their home, especially in light of the fact that a state County Court had previously denied Defendant's motion for summary judgment. Nevertheless, their failure to establish a waiver of sovereign immunity is a pleading defect that cannot be excused. For the foregoing reasons, Defendant's motion to dismiss, (D.E. 15), is GRANTED, and this action is DISMISSED without prejudice.

ORDERED this 14th day of May 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Because this Court lacks subject matter jurisdiction over this action, further discussion of Defendant's motion to dismiss pursuant to Rule 12(b)(6) is omitted.